UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff/Respondent,

v                                                                    Case No. 19-CR-20433
                                                                     Honorable Thomas L. Ludington
ALBERTO MANUEL NUNEZ,                                                Magistrate Judge Patricia T. Morris

                Defendant/Petitioner.

_____/

# OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION TO VACATE HIS SENTENCE UNDER 28 U.S.C. § 2255

On June 26, 2019, a federal grand jury indicted Defendant/Petitioner Alberto Manuel Nunez, charging him with a single count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. On October 3, 2019, he pled guilty to possession with intent to distribute cocaine as charged. ECF No. 17. He was sentenced to 151 months imprisonment. ECF No. 24. On April 10, 2020, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 26. Petitioner argues that his erroneous designation as a career offender and his counsel's ineffective assistance entitle him to resentencing. *Id.*

Petitioner's motion was referred to Magistrate Judge Patricia T. Morris. ECF No. 28. On July 6, 2020, Magistrate Judge Morris issued a report recommending that Petitioner's motion be denied. ECF No. 33. Petitioner filed timely objections, to which Plaintiff/Respondent, the United States of America (the "Government"), responded by supplemental brief. ECF Nos. 34, 36. For the reasons stated below, Petitioner's objections will be overruled, the Report and Recommendation will be adopted, and Petitioner's motion will be denied.

## I.

### A.

Petitioner challenges his career offender designation under the United States Sentencing Guidelines. U.S.S.G. § 4B1.1 provides, in relevant part,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a *controlled substance offense*.

U.S.S.G. § 4B1.1(a) (emphasis added). The Guidelines define "controlled substance offense" as any state or federal offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). "To determine whether a prior conviction is a controlled-substance offense under § 4B1.2(a), [the Sixth Circuit] appl[ies] the categorical approach." *United States v. McClain*, 810 F. App'x 404, 408 (6th Cir. 2020). The central question is whether "the least culpable conduct" under the state offense "falls outside [the Guidelines] definition" of controlled substance offense. *Id.* If so, the state offense does not qualify as a controlled substance offense. *Id.*

### B.

Before pleading guilty, Petitioner entered into a Rule 11 plea agreement with the Government. The agreement provides, in relevant part,

> Alberto Manuel Nunez stipulates that he was previously convicted of the following felony crime of violence and the following drug offense:
>
> 1. On March 30, 1995, the defendant was convicted of second degree murder in the 10th Judicial Circuit Court, Saginaw, Michigan, Case No. 94-009545-FJ-4.

- 2 -

2.  On July 26, 2018, the defendant was convicted of delivery/manufacture of narcotics under 50 grams in the 10th Judicial Circuit Court, Saginaw, Michigan, Case No. 18-044822-FH.

Therefore, upon conviction for the drug charge in this case, Alberto Manuel Nunez stipulates that he is a career offender pursuant to USSG §4B1.1(a) and is subject to the appropriate sentencing enhancements pursuant to USSG §4B1.1(b).

ECF No. 17 at PageID.48. Petitioner's predicate drug conviction was based on M.C.L. § 333.7401, which provides, "[A] person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form."

## B.

Petitioner's motion to vacate is premised on the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382, 384 (6th Cir.), *reconsideration denied*, 929 F.3d 317 (6th Cir. 2019). In *Havis*, the defendant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *Havis*, 927 F.3d at 383. The district court increased his base offense level, finding that a prior Tennessee conviction for "selling and/or delivering cocaine" was a "controlled substance offense." *Id.* at 383–84. The parties agreed that the least culpable conduct under the Tennessee statute was the "attempted delivery of a controlled substance." *Id.* at 385. The defendant argued that the Tennessee conviction was not a "controlled substance offense" because it "encompassed the mere attempt to sell cocaine" and attempt crimes were not in the Guidelines definition. *Id.* at 384. The government, relying on *United States v. Evans*, 699 F.3d 858, 865 (6th Cir. 2012), urged the Sixth Circuit to defer to the Guidelines commentary, which "adds attempt crimes to the list of controlled substance offenses." *Havis*, 927 F.3d at 386. Abrogating *United States v. Evans*, the Sixth Circuit held that the Guidelines plainly exclude attempt crimes and that the commentary to the contrary "deserves no deference." *Havis I*, 927 F.3d at 387.

The Sixth Circuit subsequently denied reconsideration. *United States v. Havis*, 929 F.3d 317, 320 (6th Cir. 2019) [hereinafter *Havis II*]. Nonetheless, Judge Sutton filed a concurring opinion addressing an argument raised by the Government for the first time on reconsideration: "that attempt crimes do fall within the guidelines' definition of a controlled substance offense because 'distribution'—a word in the text of the guidelines—covers attempts." *Havis II*, 929 F.3d at 319. Judge Sutton ultimately disagreed with the Government but noted a related issue that the parties had not explored: Given how Tennessee defines "delivery," "[s]omeone who attempts to *transfer* drugs in Tennessee has committed the completed offense of delivery," and "a person who commits a completed delivery offense under Tennessee law may merit a guidelines bump because Tennessee's definition of delivery seems to match the term distribution (delivery) in the guidelines' definition of a controlled substance offense." *Havis II*, 929 F.3d 317, 320 (6th Cir. 2019) (emphasis in original).

## C.

Petitioner argues that M.C.L. § 333.7401, like the Tennessee statute in *Havis*, prohibits "attempted deliver[y]" and is therefore too broad to be a "controlled substance offense." ECF No. 26 at PageID.113. Accordingly, Petitioner claims that (1) this Court erred by designating him a career offender and that (2) his counsel was ineffective for not objecting to his designation as such. ECF No. 26 at PageID.115–17. Magistrate Judge Morris disagreed and instead "found Judge Sutton's concurrence in *Havis II* most applicable." ECF No. 33 at PageID.168. She explained her reasoning as follows:

> [T]he government now argues what Judge Sutton suggested the government should argue in the future: that "[the criminal defendant/Petitioner] pleaded guilty to the completed offense of selling or delivering under [state] law. So, [the criminal defendant/Petitioner]'s prior conviction may qualify as a controlled substance offense and thus may warrant the higher base level." [*Havis II*,] 929 F.3d at 320.

Michigan law and its federal counterpart both define delivery as the "actual, constructive, or attempted transfer" of controlled substances.  MCL 333.7105(1); 21 U.S.C.  § 802(8). In addition, both Michigan and federal law separately punish attempts to commit controlled substance offenses and both Michigan and federal prosecutors cite to both the underlying controlled substance statute and the attempt statute when prosecuting a person for an attempted controlled substance offense. MCL 750.92; 21 U.S.C.  § 846. As Judge Sutton explained, "[s]omeone [] may commit the offense of distributing drugs by attempting to transfer drugs [b]ut that does not make the crime of conviction under § 841 an attempted distribution." [*Havis II*,] 929 F.3d at 319(emphasis in original). Rather, "the two [§ 841 and § 846] constitute distinct offenses, one greater and on lesser, one complete and one attempted." *Id.* And he also noted that this "explains why the government prosecutes someone under § 841 when he distributes drugs, but under § 841 and § 846 when he attempts to distribute drugs. *Id.* (emphasis in original). Similarly, under Michigan law, when a person is prosecuted for attempted controlled substance delivery, that person is prosecuted under both MCL 333.7401 and MCL 750.92.

In the instant case, there is no argument or evidence that Petitioner was convicted of an attempted controlled substance offense in 2018; rather, all agree that he was convicted of the completed crime of delivery of a controlled substance under MCL 333.7401(1). Therefore, under the new argument raised by the government in this case that was not presented in *Havis* but which has been analyzed by Judge Sutton's concurring opinion, I suggest that this conviction is a controlled substance offense which was properly used to enhance Petitioner's sentence under the  career offender  guidelines. U.S.S.G.  § 2K2.1(a). *See*, *United States v.  Powell*, 2019 WL 6617397, at *1-2 (E.D. Ky Dec. 5, 2019) (finding Michigan conviction for delivery of controlled substance less than 50 grams was a controlled substance offense under the guidelines that could be used to enhance federal sentence).

ECF No. 33 at PageID.168–69. Magistrate Judge Morris concluded that it was not error to designate Petitioner as a career offender and that his counsel was not ineffective for failing to object. *Id.* at PageID.169. Magistrate Judge Morris further found that even if it was error to designate Petitioner as a career offender, such error was not cognizable under 28 U.S.C. § 2255. *Id.* at PageID.170. As she explained,

"[N]on-constitutional errors, including claims of errors in the calculation of the sentencing guidelines, rarely if ever warrant relief under 28 U.S.C. §2255.'" *United States v. Graham*, 2017 WL 3457164, at *1 (E.D. Mich. Aug. 11, 2017), quoting *Eaddy v. United States*, 20 F. App'x 463, 464 (6th Cir. 2001). In order to obtain relief from a non-constitutional error, the Petitioner must show: (1) good cause for the failure to raise the argument on direct appeal and prejudice if he is not permitted

to proceed; or (2) actual innocence. *Hicks v. United States*, 258 F. App'x 850, 852 (6th Cir. 2007). Although Petitioner may wish to argue good cause based on his attorney's failure to raise the *Havis* issue, I suggest, for the reasons stated above, that he would be unable to show any prejudice since he was properly sentenced as a career offender and he was not ineligible for the sentence he received. *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013)("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *Gamble v. United States*, 2020 WL 475832, at *14 (W.D. Tenn. Jan. 29, 2020)(where petitioner did not allege he was actually innocent and he could not show that he was ineligible for the sentence he received, his challenge to the application of the advisory guideline career offender designation was not cognizable under §2255), citing *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018)(where an intervening change in the law rendered petitioner's career offender designation erroneous, that challenge is only to the process but does not provide an argument that he was ineligible for the sentence received).

ECF No. 33 at PageID.170–71. Additionally, as Magistrate Judge Morris noted, the Sixth Circuit recently held that a "[defendant] cannot use § 2255—or [its] decision in *Havis*—to attack collaterally his designation as career offender under the Sentencing Guidelines." *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019), *cert. denied*, 206 L. Ed. 2d 951 (May 18, 2020). Magistrate Judge Morris accordingly recommended that Petitioner's motion to vacate under 28 U.S.C. § 2255 be denied.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify

the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform.

## III.

Petitioner raises five objections to the Report and Recommendation. Objections two through five, however, are general objections that "merely restat[e] [] arguments previously presented." *VanDiver*, 304 F. Supp. 2d at 937. Even so, in the interest of thoroughness, each objection will be reviewed de novo. For the reasons stated below, none of Petitioner's objections are compelling.

## A.

Petitioner first objects that Magistrate Judge Morris "fail[ed] to follow the binding precedent of [the Sixth Circuit] set forth in [*Havis*]." Petitioner's argument is unpersuasive for two reasons. First, as a threshold matter, Petitioner fails to address *Bullard v. United States*, which held that being improperly designated as a career offender is not cognizable under § 2255. *Bullard*, 937

F.3d at 661. Petitioner's reliance on *United States v. Cavazos* is misplaced. *See United States v. Cavazos*, 950 F.3d 329, 336–37 (6th Cir. 2020) (holding that it was plain error to apply career offender designation where predicate offense prohibited "offers to sell controlled substances"). *Cavazos* was decided on direct appeal. *Id.* at 334. Here, as in *Bullard*, Petitioner is collaterally attacking his career offender designation. *Bullard*, 937 F.3d at 661.

Second, contrary to Petitioner's assertion, Magistrate Judge Morris did follow *Havis* to the extent it was applicable. In *Havis*, the parties stipulated that the least culpable conduct under the Tennessee offense was the "attempted delivery of a controlled substance." *Havis*, 927 F. 3d at 385. Here, Petitioner argues that the least culpable conduct under M.C.L. § 333.7401 is "attempted delivery," while the Government maintains it is "attempted transfer," which "constitute[s] completed deliver[y]." ECF No. 31 at PageID.145. Accordingly, Magistrate Judge Morris turned to Judge Sutton's concurrence for persuasive authority and concluded that § 333.7401 does not criminalize "attempted delivery."

Magistrate Judge Morris' conclusion was undoubtedly correct. As the Sixth Circuit held just a few weeks ago, "[T]he definition of delivery used under Michigan (and federal) law—again, 'the actual, constructive, or attempted transfer of a controlled substance'—does not include 'attempted delivery.' Instead, it includes only 'attempted transfer.' And an attempted transfer qualifies as a completed delivery." *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020). Even if Magistrate Judge Morris deviated from *Havis*, the Sixth Circuit has now clearly rejected Petitioner's argument.

**B.**

Petitioner's next two objections split the *Strickland* test. Objection two is that his counsel's failure to object to his designation as a career offender was deficient performance. ECF No. 34 at

PageID.175. Objection three is that this allegedly deficient performance was prejudicial. *Id.* at PageID.176. Both claims are meritless. Even before the Sixth Circuit's recent decision in *Thomas*, this case was clearly distinguishable from *Havis* because, *inter alia*, *Havis* was premised on the parties' stipulation to the "least culpable conduct." *See* Section I.C., *supra*. Accordingly, defense counsel's failure to object on account of *Havis* was not "objectively unreasonable" such that it would constitute deficient performance. *Hodge v. Hurley*, 426 F.3d 368, 385 (6th Cir. 2005). Furthermore, Petitioner has not shown a "reasonable probability" that but for the failure to object, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

## C.

Petitioner's fourth objection is that, because of the career offender designation, the Rule 11 plea agreement was "inherently flawed," and, therefore, "[i]t cannot be reasonably asserted that [D]efendant's agreement was a product of his properly informed and 'well educated' decision." ECF No. 34 at PageID.177. It is unclear whether Petitioner is arguing that the "flawed" agreement inflicted some form of structural error or that it vitiated his consent to plead guilty. Petitioner does not provide authority in support of either contention. Regardless, neither argument would prevail because, as explained above, the career offender designation was not erroneous.

## D.

Petitioner's final objection is that his increased sentence resulted in a "miscarriage of justice" that this Court has the inherent authority to correct. Petitioner cites several authorities addressing misapplication of the Guidelines in the context of direct appeal. *See* ECF No. 34 at PageID.177. As stated above, Petitioner's claim is not cognizable on a motion to vacate under 28 U.S.C. § 2255. *Bullard*, 937 F.3d at 661. And even if it were, Petitioner was properly designated as a career offender. Accordingly, Petitioner's objections will be overruled.

**IV.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336–37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has not yet requested a certificate of appealability, but, as demonstrated above, he has failed to make a substantial showing of the denial of a constitutional right. Petitioner's claim is not cognizable under *Bullard*, and even if it were, the Sixth Circuit's recent decision in *Thomas* rejects Petitioner's claim. Accordingly, a certificate of appealability is not warranted. Petitioner will also not be granted leave to proceed in *forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that Defendant/Petitioner's objections to the Report and Recommendation, ECF No. 34, are **OVERRULED**.

It is further **ORDERED** that Magistrate Judge Morris' Report and Recommendation, ECF No. 33, is **ADOPTED**.

It is further **ORDERED** that Defendant/Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 26, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.


Dated: September 23, 2020                         s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge