UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 19-CR-20433

v.                                            Honorable Thomas L. Ludington

ALBERTO MANUEL NUNEZ,

                Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND REQUEST FOR THE APPOINTMENT OF COUNSEL**

On October 3, 2019, Defendant Alberto Manuel Nunez pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). ECF No. 17. He was sentenced to 151 months imprisonment. ECF No. 24. He is currently housed at Federal Correctional Institute, Loretto ("FCI Loretto") in Pennsylvania.

On December 1, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 39. Plaintiff, the United States of America (the "Government"), responded on December 22, 2020. ECF No. 40. On January 11, 2021, Defendant sent a letter to this Court stating that he had been diagnosed with the novel coronavirus ("COVID-19") on December 4, 2020 and thereafter experienced symptoms.[1] ECF No. 42 at PageID.277–78. On January 25, 2021, Defendant filed a reply brief in support of his motion. ECF No. 43. For the reasons stated below, Defendant's Motion for Compassionate Release and accompanying request for the appointment of counsel will be denied.

---

[1] His symptoms appear to have been serious—including chest pain and breathing difficulty—though non-life-threatening. ECF No. 42. at PageID.278. There is no allegation that he was hospitalized, and FCI Loretto medical staff apparently gave him an albuterol inhaler for his symptoms. *Id.*

**I.**

> The United States is facing an unprecedented challenge with the COVID-19 pandemic.
>
> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for

compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at *9.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). Defendant submitted a written request for compassionate release to the BOP on October 26, 2020. ECF No. 39 at PageID.198. His request was denied on November 9, 2020. *Id.* at PageID.243. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

**B.**

Ordinarily, the next step would be to consider whether "extraordinary and compelling reasons" warrant a reduction of Defendant's sentence. *Jones*, 980 F.3d at 1107–08. However, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021). Accordingly, this Court need not consider whether extraordinary and compelling reasons exist because, as explained below, a sentence

reduction is not warranted by the applicable factors set forth in 18 U.S.C. § 3553. The factors are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "District judges maintain an 'obligation to provide reasons' in both sentencing-modification decisions, and traditional sentencing decisions." *Jones*, 980 F.3d at 1112.

> District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision. But as long as the record as a whole demonstrate that the pertinent factors were taken into account by the district court, a district judge need not specifically articulate its analysis of every single § 3553(a) factor.

*Id.* at 1114. (internal quotations and citations omitted). Here, the two most pertinent factors are the "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed." 18 U.S.C. §§ 3553(a)(1)–(2). Both weigh against a sentence reduction.

Defendant's Presentence Investigation Report ("PSR") reveals an alarming criminal history. In June 1994, police discovered the body of a deceased male in the trunk of his vehicle—shot three times in the head. Police identified Defendant as a suspect. Defendant, then only 16-years-old, admitted that he had killed the man in a dispute over drug money. Defendant pled guilty to felony firearm and second-degree murder and was sentenced to 20 to 40 years imprisonment. While in custody, Defendant received at least 60 misconduct tickets for offenses ranging from gambling to fighting. Defendant was paroled in March 2017.

Approximately six months after being paroled, Defendant was arrested for and later convicted of delivery of cocaine. Defendant was sentenced to nine months deferred custody and 18 months of probation. He was still on probation when, in June 2019, he was arrested after agreeing to sell four ounces of cocaine to a confidential source. He eventually pled guilty to the underlying offense: one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). ECF No. 17.

Defendant argues that he is making productive use of his time in custody. ECF No. 39 at PageID.230. BOP records reflect that he has pursued educational programming, work assignments, and drug counseling. *See* ECF No. 39 at PageID.245. Defendant's correctional progress is to be commended. Nonetheless, with a projected release date of July 2030, Defendant has served only a small fraction of his 151-month sentence. In light of his considerable criminal history, this Court finds that such an early release would be inconsistent with the need "to afford adequate deterrence," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), (B). Defendant's Motion for Compassionate Release will be denied.

- 6 -

**II.**

Defendant's Motion for Compassionate Release was prepared on a form that includes a standardized request for the appointment of counsel. ECF No. 39 at PageID.201. While the form does not elaborate on the request, it is reasonable to infer that the request is related to the Motion for Compassionate Release. Accordingly, because Defendant's Motion for Compassionate Release will be denied, the accompanying request for the appointment of counsel will be denied as moot.

**III.**

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 39, is **DENIED**.

It is further **ORDERED** that Defendant's Request for the Appointment of Counsel is **DENIED AS MOOT**.

Dated: January 29, 2021　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Alberto Manuel Nunez** #57628-039, LORETTO FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, CRESSON, PA 16630 by first class U.S. mail on January 29, 2021.

　　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　　KELLY WINSLOW, Case Manager